**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-MJ-4003-MCALILEY**

**UNITED STATES OF AMERICA,**

> **Plaintiff,**

**v.**

**WILLIAM MORENO,**

> **Defendant.**

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on October 19, 2021, a hearing was held to determine whether defendant **WILLIAM MORENO** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **WILLIAM MORENO** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.      The defendant is charged by criminal complaint, in the Southern District of Florida, with Hobbs Act robbery in violation of Title 18, United States Code, Section 1951(a).  Therefore, the defendant is charged with a crime of violence, resulting in a

rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant at all future court proceedings and the safety of any other person and the community. Title 18, United States Code, Section 3142(e) and (f).

2.      The weight of the evidence against the defendant is substantial. The government has proffered that in October 2021, the defendant participated in four robberies in the span of approximately one week. The defendant used a large knife to threaten victims in all four robberies. During one of the robberies, the defendant grabbed the victim by the chest and pushed her to the ground and during another robbery the defendant threatened to stab the victim if the victim did not give him money.

The defendant confessed to participating in all four robberies and told law enforcement that when he is on drugs he commits robberies. The defendant also stated that if released on bond, he would never be seen again.

3.      The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on December 15, 1966 in Union City, New Jersey. The defendant has a prior probation violation, a prior conviction for carrying a concealed firearm and four prior arrests for robbery or attempted robbery, three of these robbery arrests resulted in convictions. The defendant was previously sentenced to a 20-year prison term for armed robbery and had been released from custody approximately five years before participating in the instant robberies. Title 18, United States Code, Section 3142(g)(3)(A).

2

4.      The undersigned believes that the defendant would not appear if released on bond. The defendant made a statement to law enforcement that if he were released on bond he would not be seen again. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.

5.      Based on the defendant's participation in four robberies in a short period of time, the defendant's prior criminal history and the defendant's statement that when he is on drugs he commits robberies, the defendant is likely to continue to commit robberies if released on bond and constitutes a danger to persons in the community. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

3

defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **19th** day of October, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

4